UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KIMBERLY MANSHACK, ET AL　　　　　CIVIL ACTION NO. 13-cv-3231

VERSUS　　　　　　　　　　　　　　　JUDGE FOOTE

OCWEN LOAN SERVICING, LLC, ET AL　　MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

**Introduction**

Kimberly Manshack and Jack M. Bailey, Jr. ("Plaintiffs") filed suit in state court against Defendants Ocwen Loan Servicing, LLC and American Security Insurance Company. The suit claims bad faith breach of contract on the part of Defendants for their failure to make payment of insurance proceeds due Plaintiffs for damages resulting from a house fire at the residence of Kimberly Manshack. Plaintiff Bailey asserted subrogation rights resulting from money he paid to repair the Manshack residence.

Defendant Ocwen Loan Servicing, LLC (with the consent of defendant American Security Insurance Company), removed the case based on an assertion of diversity jurisdiction. Plaintiffs filed a Motion to Remand (Doc. 6) on the grounds that the notice of removal was untimely filed and the amount in controversy does not exceed $75,000. For the reasons that follow, the motion will be granted.

**Law and Analysis**

    **Removing Party's Burden**

A notice of removal may assert the amount in controversy if the plaintiff's initial pleading seeks a money judgment but state practice does not permit demand for a specific sum. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. Vantage Drilling Co. v. Hsin-Chi Su, 741 F.3d 535, 537 (5th Cir. 2014).

Ocwen asserted in its notice of removal that the amount in controversy exceeds $75,000. Ocwen may satisfy its burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy -- in the notice of removal or an affidavit -- that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

    **Facially Apparent**

Ocwen states in the notice of removal that the insurance policy at issue had a limit of $50,000. Ocwen also states that the amount sought by Plaintffs is $41,618.57, "plus penalties, attorneys' fees and judicial interest...." Ocwen concludes that "it is clear that the amount in controversy has been satisfied." Doc. 1, ¶ 8.

In support of their motion to remand, Plaintiffs attach an affidavit (dated after the removal) of Plaintiff Bailey. Bailey testifies that Plaintiffs "seek damages in the amount of $41,618.57, including penalties, but exclusive of attorneys fees, judicial interest, and costs." Affidavit, ¶ 7. Bailey's affidavit concludes with this stipulation: "Plaintiffs will not accept compensation for any damages that exceed $75,000, exclusive of judicial interest and costs."

A plaintiff's post-removal stipulation that his damages do not exceed $75,000 cannot defeat jurisdiction if it has been established. A post-removal affidavit may, however, be considered if it contains facts that clarify an uncertainty about the amount in controversy at the time of removal. Gebbia v. Wal-Mart, 233 F.3d 880, 883 (5th Cir. 2000).

It is difficult to determine, looking solely at Plaintiffs' original Petition, what amount they are claiming as damages. However, the Amended Petition – when considered in light of Plaintiff Bailey's affidavit – satisfies the court the amount sought is less than $75,000. After quoting Louisiana law regarding penalties, Plaintiffs allege: "This means $41,618.57, plus attorney's fees and judicial interest from March 29, 2004, when the money became due and owed to Plaintiffs." Amended Petition, ¶ 18. To the extent that allegation is ambiguous, Plaintiff Bailey's affidavit clarifies that the amount demanded *includes* penalties.

The possibility of an award of attorney's fees in Plaintiffs' favor is not enough to salvage Ocwen's removal. Only a reasonable estimate of an attorney's fee award can be considered in determining the amount in controversy. Wright Family Investments v. Jordan Carriers, 2012 WL 2457664 (W.D. La. 2012). To exceed the sum of $75,000, the court

would have to award Plaintiffs an attorney's fee in excess of $30,000. Such an award is possible, but unlikely in this case.

**Conclusion**

As explained above, any doubt about the propriety of the removal must be resolved in favor or remand. Ocwen has not satisfied its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the **Motion to Remand (Doc. 6)** is **granted**, subject to the stay in the accompanying order. In light of this decision, it is unnecessary to address Plaintiffs' argument that the removal was untimely. On remand, Plaintiffs' recovery, including penalties and attorney's fees, shall be limited in accordance with their stipulation in this court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of March, 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge